UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
DIONICIA FUENTES, on behalf of herself
and other similarly situated individuals,          18 Civ. 6736

                      Plaintiff,

                                                              **CLASS AND COLLECTIVE**
                                                              **ACTION COMPLAINT**

     -against-

SUPER BREAD II, CORP. and SUPER
CAKES CORP, d/b/a SUPER BREAD
AND SUPER CAKES BAKERY,

                      Defendants.
-------------------------------------------------------X

       Plaintiff, Dionicia Fuentes, on behalf of herself and other similarly situated current and former employees of Super Bread II, Corp. and Super Cakes Corp. (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

       1. Plaintiff alleges on behalf of herself, and other similarly situated current and former employees who worked for the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 216 (b), that they are: (i) entitled to unpaid overtime wages from Defendants for their work, and (ii) liquidated damages pursuant to the FLSA Sec. 29 U.S.C. Sec. 201 et seq.

       2. Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former employees who worked for Defendants, pursuant to Fed. R.Civ.P. 23, that they are entitled to unpaid overtime wages from Defendants for their work under the New Jersey Wage and Hour Law (NJWHL).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. Sec. 216 (b).

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. Sec. 1391 (a).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. Sec. 2201 and 2202.

## PARTIES

6. Plaintiff Dionicia Fuentes is an adult individual who resides in northern New Jersey.

7. Defendants Super Bread II, Corp. and Super Cakes Corp. d/b/a Super Bread and Super Cakes Bakery, are New Jersey wholesale bread and cake companies (collectively, "Super Bread" or "Defendants"). The breads and cake products are produced and packaged in South Plainfield, New Jersey[1] and distributed from Elizabeth, New Jersey.

8. Both companies are owned and operated by Armenio N. Martins and his family (the "Martins"). The companies share a website and, upon information and belief, many employees work or have worked at both companies.

9. Rather than existing as independent corporate entities, the Martins own, control and operate both companies.

10. Martins and in particular his daughter Katerina, exercised operational and financial control over the companies that directly affected the nature and conditions of the employment of

---

[1] Upon information and belief, Defendants are moving production back to Elizabeth, New Jersey, where it used to produce and package before moving those operations to South Plainfield in or around 2010.

Plaintiff Fuentes and the putative class, extending to determination of employee pay and time policies, involvement in hiring and firing of employees, control over payroll decisions, designation of work shifts and ultimate authority to make decisions regarding how the companies are run and when and how employees are paid.

11. Super Bread II, Corp. and Super Cakes Corp., d/b/a Super Bread and Super Cakes Bakery are "employers" within the meaning of the FLSA and NJWHL.

12. Defendants have been and continue to be an enterprise engaged in commerce or the production of goods for commerce within the meaning of those laws.

13. Upon information and belief, part of the business, operating as Super Cakes Corp., produces and packages baked products and the other part of the business, operating as Super Bread II, Corp., distributes the packaged baked products, produced by Super Cakes Corp. and other bread production companies, and delivers to retail establishments located throughout the New York, New Jersey and Pennsylvania area.

14. Defendants are a business engaged in related activities that are performed for a common business purpose.

15. Defendants share employees and customers, use the same delivery trucks (with the Super Bread and Super Cake logos) and drivers to deliver their baked goods, use the same vendors and suppliers to produce their baked goods, share marketing vehicles (i.e., one website), share operational vendors (i.e., employee payroll and benefit plans, insurance plans) and, as specified above, share operational and financial functions that affect the nature and conditions of the employment of Plaintiff Fuentes and other similarly situated employees employed by Defendants.

16. Both Armenio Martins and his daughter Katerina are regularly seen working at

both of Defendants' locations.[2]

17. At all relevant times, each Defendant, separately and together, have had gross revenues in excess of $500,000.

18. Defendants issued paychecks every Friday to Plaintiff and the Collective and Class throughout their employment.

19. Defendants directed the work of Plaintiff and the Collective and Class and benefited from work performed that Defendants suffered or permitted from them.

## FACTUAL ALLEGATIONS

20. Defendants employed Plaintiff Fuentes and the Collective and Class of workers as producers, packers and laborers.

21. Defendants maintained control, oversight and discretion over the operation of its business, including their employment practices with respect to Plaintiff Fuentes and the Collective and Class of workers.

22. Plaintiff Fuentes and the Collective and Class of workers worked one of two shifts: either from 6 a.m. to 4 or 5 p.m, or from 1 p.m. to 10 p.m. or later. Plaintiff Fuentes and the Collective and Class would work between five and six days a week. Plaintiff Fuentes and the Collective and Class regularly worked more than 40 hours in a week.

23. Plaintiff Fuentes started working for Defendants in 2008 and was paid approximately $8 per hour in cash for each hour she worked, no matter how many hours she worked in a week.

24. After receiving a $1 per hour raise in or around 2009, Defendants provided her

---

[2] Although, as of early 2017, Mr. Martins relocated to Portugal and has been succeeded

another $1 per hour raise to $10 in 2010, which is the hourly rate she was paid until Saturday January 13, 2018 when she was separated from her job. In her last week on the job, she worked approximately 61 hours, including Saturday January 13, 2018, as a producer and packer.

25. Employees of Defendants, such as Plaintiff Fuentes and the Collective and Class, worked either of the above two shifts. Reporting at around 6 a.m. each day to work, Plaintiff Fuentes and her many colleagues did production work until 1 p.m. when they had a 30 minute lunch break. Thereafter, they would join their colleagues who just reported to work on the second shift, to clean the machines, prepare for the next day's production and do packing work until at least 4 or 5 p.m.

26. Defendants paid Plaintiff Fuentes and the Collective and Class of workers by check for the first 40 hours they worked by check at a rate of approximately $10 per hour.

27. Defendants paid Plaintiff Fuentes and the Collective and Class of workers their same regular hourly rate for all hours they worked over 40 in a week in cash without paying them the required time and one-half their regular hourly rate in violation of the FLSA and NJWHL.

28. Plaintiff Fuentes and the Collective and Class of workers regularly worked over 40 hours in a week as producers and/or packers and/or laborers.

29. On pay day, which was every Friday, Defendants' representative hand delivered Plaintiff Fuentes and the Collective and Class of workers an envelope with the aforementioned paycheck for the first 40 hours worked and cash for their overtime hours.

30. Defendants' owner's daughter, Katerina, who managed the location where Defendants produced and packaged its baked goods, told Plaintiff Fuentes in the course of seeking additional or replacement employees, that Super Bread pays all of their producers,

---

by his son-in-law, Jorge Santos.

packers and laborers their regular rate of pay by check for the first 40 hours and in cash for the overtime hours worked.

31. Having been in business for over 10 years, Defendants recklessly disregarded their legal responsibilities under the FLSA and NJWHL to keep accurate and sufficient track of the hours their employees worked and the pay they received.

32. Defendants' unlawful conduct as describe above, executed pursuant to what appears to be a policy to minimize labor costs, was willful and/or in reckless disregard of the FLSA and NJWHL.

33. Defendants' failure to pay overtime wages for work performed by Plaintiff Fuentes and the Collective and Class members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Pursuant to 29 U.S.C. Sec. 207 and 216(b), Plaintiff Fuentes seeks to prosecute her FLSA claims as a Collective Action on behalf of all persons who are currently or were formerly employed by Defendants as producers and/or packers or laborers of baked goods during the Claims period.

35. Defendants are liable under the FLSA for, *inter alia*, failing to pay overtime wages to Plaintiff Fuentes and other similarly situated employees.

36. There are many similarly situated current and former producers and/or packers or laborers of baked goods who were employed by Defendants and not paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action members pursuant to 29 U.S.C. Sec. 216(b).

37. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

38. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23 (a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

39. Plaintiff brings her NJWHL claim on behalf of all persons who worked for Defendants as producers, packers and/or laborers of bread and cake products any time after April 13, 2016, to entry of judgment in this case (the "Class" and "Class period," respectively) (hereinafter unless otherwise specified "Plaintiffs" refers to both the named Plaintiff and the putative class).

40. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 75-100 members of the Class during the class period. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members. The claims of the representative party are typical of the claims of the Class. The representative will fairly and adequately protect the interests of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where an individual Plaintiff like Dionicia Fuentes lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Defendants have acted on grounds generally applicable to the class thereby making declaratory relief appropriate for the class.

41. There are questions of law and fact common to the Class which predominate over

any questions solely affecting individual members of the class, including:

(a) whether Defendants failed to pay Plaintiff and the putative Class overtime wages at a wage rate of one and one-half times their regular rate under the FLSA and the NJWHL for hours worked in excess of forty hours per week;

(b) whether Defendants only paid Plaintiff and the putative Class their regular rate of pay for the hours they worked over 40 in a week when they should have paid them time and one-half their regular rate of pay for those overtime hours worked;

(c) whether Defendants failed to comply with the record keeping requirements of the FLSA and NJWHL; and,

(d) whether Defendants' failure to pay the Plaintiff and the putative Class overtime wages at a wage rate of one and one-half times their regular rate of pay was a policy and/or practice effectuated throughout the relevant Class period.

42. Class certification of Plaintiff Fuentes' NJWHL overtime claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The members of the Class are entitled to injunctive relief to end Defendants' common and uniform policy and practice of denying them the wages to which they are entitled.

43. Class certification of Plaintiff Fuentes' NJWHL overtime claims are also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## FIRST CAUSE OF ACTION

## (FLSA)

44. For paragraphs 1 through 37, "Plaintiff" refers to the named Plaintiff and any Collective Action members who file individual consents to sue in this action. Plaintiff alleges and incorporates by reference the allegations contained in paragraphs 1 through 37 above.

45. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. Sec. 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

46. At all times relevant to this action, Plaintiff and the Collective Action members were employed by Defendants within the meaning of the FLSA.

47. At all times relevant to this action, Plaintiff and the Collective Action members were engaged in commerce and/or the production of goods for commerce and/or Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. Sec. 206(a) and 207(a).

48. Defendants willfully failed to pay Plaintiff and the Collective Action members overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C.A. Sec. 207(a)(1).

49. Defendants failed to keep appropriate and accurate payroll and time records as required by federal law.

50. Due to Defendants' FLSA violations, Plaintiff and the Collective Action members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. Sec. 216(b).

51. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. Sec. 255.

## SECOND CAUSE OF ACTION

## (NJWHL)

52. Plaintiff alleges and incorporates by reference the allegations contained in paragraphs 1 through 51 above.

53. At all times relevant to this action, Plaintiff and the putative Class were employed by Defendants within the meaning of the NJWHL, N.J. Stat. Ann. 34:11-56a *et seq*.

54. At all times relevant to this action, Defendants were/are responsible for paying overtime wages to Plaintiff and the putative Class for each hour worked in excess of 40 in a week at a rate of time and one-half their regular rate of pay.

55. Defendants willfully violated the rights of Plaintiff and the putative Class by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the NJWHL.

56. Due to Defendants' violations of the NJWHL, Plaintiff and the putative Class have suffered damages and are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, attorneys' fees and costs pursuant to the NJWHL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the putative class respectfully request that this Court grant the following relief:

a. Designation of this action as a FLSA collective action on behalf of the Plaintiff and the the Collective Action class and prompt issuance of notice pursuant to 29 U.S.C. Sec. 216(b) to all similarly situated collective action members, apprising them of the pendency of this action,

permitting them to assert timely FLSA claims in this action by filing Individual Consents to Join, and the tolling of the statute of limitations;

    b. Certify this case as a class action pursuant to FRCP 23(b)(2) and (3);

    c. Declare Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA and the NJWHL;

    d. Award Plaintiff and the collective class their unpaid overtime compensation under the FLSA;

    e. Award Plaintiff and the putative class their unpaid overtime compensation under the NJWHL;

    f. Award Plaintiffs and the collective class liquidated damages due to Defendants' willful failure to pay them overtime compensation pursuant to 29 U.S.C. Sec. 216;

    g. Award Plaintiffs and the putative class prejudgment interest; and,

    h. Award Plaintiffs and the putative class attorneys' fees and the costs of this action.

Dated: New York, New York
      April 13, 2018

Respectfully submitted,

By: _____
Jason J. Rozger
Bruce E. Menken (To be admitted *Pro Hac Vice*)
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Fl.
New York, NY 10005
212-509-1616

By: _____
Jacob Aronauer (To be admitted *Pro Hac Vice*)
LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Fl.
New York, NY 10007
212-323-6980